UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PAINTERS DISTRICT COUNCIL NO. 58, )
GREGG SMITH, in His Capacity as Business )
Manager of PAINTERS DISTRICT COUNCIL NO. 58, )
ST. LOUIS PAINTERS PENSION TRUST (f/k/a )
PAINTERS DISTRICT COUNCIL No. 2 PENSION )
TRUST), ST. LOUIS PAINTERS WELFARE TRUST )
(f/k/a PAINTERS DISTRICT COUNCIL No. 2 )
WELFARE TRUST), ST. LOUIS PAINTERS VACATION )
TRUST (f/k/a PAINTERS DISTRICT COUNCIL NO. 2 )
VACATION TRUST), and PAINTERS DISTRICT )   Case No.
COUNCIL NO. 2 APPRENTICESHIP AND )
JOURNEYMAN TRAINING TRUST, By and through )
GREGG SMITH, DAVID DOERR, RICH LUCKS, )
WILLIAM BOEVINGLOH, CARL FARRELL, DONALD )
THOMAS, DANIEL WIENSTROER, MICHAEL SMITH, )
DANIEL HANSON, STEVE PHILLIPP, JR., MARK )
BORGMANN, DANE MCGRAW, JOSEPH KEIPP, )
TIM WEIS and FRED PHILLIP JR., in Their )
Representative Capacities as Trustees of the PAINTERS )
DISTRICT COUNCIL NO. 2 PENSION, WELFARE, )
VACATION and APPRENTICESHIP AND )
JOURNEYMAN TRAINING TRUSTS, )
)
Plaintiffs, )
)
v. )
)
E.K.M. CONTRACTING LLC, )
)
and )
)
MAKAL ALI, )
)
Defendants. )

## COUNT I
## E.K.M. CONTRACTING LLC

COME NOW Plaintiffs, and for their cause of action against E.K.M. Contracting LLC

(hereinafter "E.K.M."), state as follows:

1.      Jurisdiction of this cause of action and the parties to it is conferred upon this Court by subsections (a), (b) and (c) of Section 301 of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), 29 U.S.C. §185 and by Sections 502(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. §1132(e)(1) and (f).

2.      Venue in this Court is appropriate by virtue of Section 502(e)(2) of ERISA, 29 U.S.C. 1132(e)(2).

3.      Plaintiff Painters District Council No. 58 (f/k/a Painters District Council No. 2; hereinafter "Painters") is a "labor organization" within the meaning of Section 2(5) of the National Labor Relations Act (hereinafter "NLRA"), 29 U.S.C. §152(5), representing employees in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. §185, and is an "employee organization" within the meaning of 29 U.S.C. §1002(4).

4.      Plaintiff maintains its principal offices within this judicial district.

5.      The St. Louis Painters Pension Trust (f/k/a Painters District Council No. 2 Pension Trust and hereinafter "Pension Trust") is an employee benefit plan within the meaning of 29 U.S.C. 1002(3) and 1132(d)(1).

6.      The Pension Trust is a multiemployer plan within the meaning of 29 U.S.C. §1002(37)(A).

7.      The Pension Trust is administered within this judicial district.

8.      Plaintiffs Gregg Smith, David Doerr, Rich Lucks, Daniel Wienstroer, Tim Wies and Fred Philipp, Jr. constitute the Joint Board of Trustees of the Pension Trust ("Pension Trustees").

9.      The Pension Trustees are the Plan Sponsor of the Pension Trust within the meaning of 29 U.S.C. §1102(16)(B).

10.      The Pension Trustees are fiduciaries within the meaning of, 29 U.S.C. §1002(21)(A), with respect to the Pension Trust.

11.     The St. Louis Painters Welfare Trust (f/k/a Painters District Council No. 2 Welfare Trust and hereinafter "Welfare Trust") is an employee benefit plan within the meaning of 29 U.S.C. 1002(3) and 1132(d)(1).

12.     The Welfare Trust is a multiemployer plan within the meaning of 29 U.S.C. §1002(37)(A).

13.     The Welfare Trust is administered within this judicial district.

14.     Plaintiffs Gregg Smith, William Boevingloh, Carl Farrell, Daniel Hanson, Michael Smith and Donald Thomas constitute the Joint Board of Trustees of the Welfare Trust ("Welfare Trustees").

15.     The Welfare Trustees are the Plan Sponsor of the Welfare Trust within the meaning of 29 U.S.C. §1102(16)(B).

16.     The Welfare Trustees are fiduciaries within the meaning of 29 U.S.C. §1002(21)(A), with respect to the Welfare Trust.

17.     The St. Louis Painters Vacation Trust (f/k/a Painters District Council No. 2 Vacation Trust and hereinafter "Vacation Trust") is an employee benefit plan within the meaning of 29 U.S.C. 1002(3) and 1132(d)(1).

18.     The Vacation Trust is a multiemployer plan within the meaning of Section 29 U.S.C. §1002(37)(A).

19.     The Vacation Trust is administered within this judicial district.

20.     Plaintiffs Gregg Smith, David Doerr, Carl Farrell, Mark Borgmann, Steven Philipp, Jr., and Joseph Keipp constitute the Joint Board of Trustees of the Vacation Trust ("Vacation Trustees").

21.     The Vacation Trustees are the Plan Sponsor of the Vacation Trust within the meaning of 29 U.S.C. §1102(16)(B).

22.     The Vacation Trustees are fiduciaries within the meaning of 29 U.S.C. §1002(21)(A), with respect to the Vacation Trust.

23.     The Painters District Council No. 2 Apprenticeship and Journeyman Training Trust (hereinafter "Apprenticeship Trust") is an employee benefit plan within the meaning of 29 U.S.C. 1002(3) and 1132(d)(1).

24.     The Apprenticeship Trust is a multiemployer plan within the meaning of 29 U.S.C. §1002(37)(A).

25.     The Apprenticeship Trust is administered within this judicial district.

26.     Plaintiffs Gregg Smith, Michael Smith, Joseph Keipp, Carl Farrell, Dane McGraw and William Boevingloh constitute the Joint Board of Trustees of the Apprenticeship Trust ("Apprenticeship Trustees").

27.     The Apprenticeship Trustees are the Plan Sponsor of the Apprenticeship Trust within the meaning 29 U.S.C. §1102(16)(B).

28.     The Apprenticeship Trustees are fiduciaries within the meaning of 29 U.S.C. §1002(21)(A), with respect to the Apprenticeship Trust.

29.     E.K.M. does business within the State of Missouri and this judicial district.

30.     E.K.M. is an employer within the meaning of 29 U.S.C. §185 and 29 U.S.C. 1002(5) and 1145.

31.     Michael Parran is E.K.M.'s organizer, principal and a natural person.

32.      E.K.M. is signatory to and/or bound by a Collective Bargaining Agreement (hereinafter "CBA" or "Agreement") with the Painters, most recently by signature of Makal Ali, owner, on June 16, 2014.

33.     The CBA binds E.K.M. to submit fringe benefits and dues remissions contributions and reports to the Labor Management Cooperation Fund.

4

34.     The CBA obligates E.K.M. to make weekly reports and contributions on all covered employees in its employ, showing the number of hours worked and contributions due.

35.     The CBA obligates E.K.M. to contribute on a weekly basis to the Trusts and the Labor Management Cooperation Fund.

36.     The CBA obligates E.K.M. to remit Union dues to the Painters.

37.     The Trusts and the Trustees are third party beneficiaries of the CBA.

38.     The CBA binds E.K.M. to the Painters District Council Pension Trust and Plan Agreement (hereinafter "Pension Agreement").

39.     The CBA binds E.K.M. to the Painters District Council No. 2 Welfare Trust Agreement (hereinafter "Welfare Agreement").

40.     The CBA binds E.K.M. to the Painters District Council No. 2 Vacation Plan and Trust Agreement (hereinafter "Vacation Agreement").

41.     The CBA binds E.K.M. to the Painters District Council No. 2 Apprenticeship and Journeyman Training Trust Agreement (hereinafter "Apprenticeship Agreement").

42.     Article XXII of the Pension Agreement provides in part, "The Trustees shall further have the right to audit the books of a participating employer when such is deemed necessary or desirable for the effective administration of the Trust."

43.     Article XXI of the Welfare Agreement provides in part:

> The Trustees shall have the authority to reasonably request of any Employer, and an Employer, when so reasonably requested, shall furnish to the Trustees such information, documents and reports as may be necessary in the performance of their duties under this Agreement and Declaration of Trust.

44.     Article XV of the Vacation Agreement provides in relevant part:

> The Trustees shall have the authority to reasonably request of any Employer, and an Employer when so reasonably requested shall furnish to the Trustees, such information and reports as may be

necessary in the performance of their duties under this Plan and Trust Agreement.

45.    Article V, Section 4, of the Apprenticeship Agreement provides in part as follows:

The Board of Trustees, or any authorized agent or representative of the Trustees, shall have the right, at all reasonable times during business hours, to enter upon the premises of any Employer obligated to contribute to the Fund and to examine and copy such of the books, records, paper and reports of said Employer as may be necessary to determine the hours of work done and places where done by any employees and to permit the Trustees to determine whether said Employer is making payment to the Trust of the amount required by the Collective Bargaining Agreement with said Employer.

46.    Section 42 of the Agreement provides as follows:

All District Councils and signatory contractors to this agreement agree to contribute to the Labor Management Cooperation Fund a minimum of ten cents ($.10) for each hour or portion thereof for which an employee receives pay, except on Summer Students or first 6-month Pre-Apprentice.

47.    Despite demand, E.K.M. fails and refuses to file accurate reports, in breach of the CBA and in violation of 29 U.S.C. §1145. As a result, Plaintiffs cannot determine the precise amount owed to them.

48.    Despite demand, E.K.M. fails and refuses to make accurate required contributions and dues remissions, in breach of the Agreement and in violation of 29 U.S.C. §1145.

49.    Pursuant to 29 U.S.C. §1132(g), E.K.M. is liable to Plaintiffs for all unpaid principal amounts owed and found to be owed.

50.    Pursuant to Section 4 of the CBA and 29 U.S.C. §1132(g), E.K.M. is liable for liquidated damages on the unpaid principal amounts owed and found to be owed.

51.    Pursuant to Section 4 of the Agreement, 29 U.S.C. §1132(a), and the Plan and Trust Agreements referred to above, E.K.M. is liable for liquidated damages on amounts it has paid late and may pay in an untimely manner.

52.     Pursuant to 29 U.S.C. §1132(g), E.K.M. is also liable to pay to Plaintiffs their reasonable attorneys' fees, accounting fees and costs incurred in connection with this action.

53.     E.K.M., by its breach of the Agreement, in violation of 29 U.S.C. §1145, and in breach of the described Plan and Trust Agreements, has caused and will continue to cause Plaintiffs to incur reasonable legal, administrative, bookkeeping and accounting fees and costs.

WHEREFORE, Plaintiffs pray:

(a)     That this Court enter a preliminary injunction requiring E.K.M. to submit any reports and payments that may become due after the date of such injunction within seven (7) days after each weekly payroll date;

(b)     That this Court order E.K.M. to submit all of its reports, books and records to an audit, should the Plaintiffs so demand, so that Plaintiffs may determine the precise amount of its delinquencies, all in accordance with the Agreement;

(c)     That this Court enter its judgment and decree against E.K.M. for the principal amount of the delinquency, together with interest and damages on that amount, all in accordance with the CBA;

(d)     That this Court enter an order compelling E.K.M. to specifically perform its obligations to pay liquidated damages on principal amounts it has paid late or may in the future pay late;

(e)     That this Court enter an order permanently compelling and enjoining E.K.M. to submit any and all future reports and payments in a timely fashion under the current or any subsequent CBA to which Plaintiff Painters and E.K.M. are or may become bound; and

(f)     That this Court enter its judgment and decree against E.K.M. for Plaintiffs' reasonable attorneys' fees and for Plaintiffs' costs, including accounting, auditing and

administrative costs, and for such other and further relief as the Court may deem just and proper.

## COUNT II
## MAKAL ALI

54.    Plaintiffs restate and reallege all of the above paragraphs as if fully set forth herein.

55.    Makal Ali is a natural person who can be found in Missouri.

56.    Jurisdiction and venue of this cause of action and the parties to it is conferred upon this Court by its privilege of supplemental jurisdiction under 28 U.S.C. § 1367, United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966).

57.    On June 16, 2014, Makal Ali, at the time of entering into a collective bargaining relationship with the Painters on behalf of E.K.M., personally signed a document labeled "Guarantee of Payment of Wages, Dues Remissions, Fringe Benefit Contributions and Other Miscellaneous Payments." (hereinafter referred to as the "Guarantee").

58.    The Guarantee reads in pertinent part:

The undersigned owner(s) of the Company guarantee(s) the payment of all amounts due the Union, members of the Union employed by the Company, and the Trustee of the various Trust Funds, pursuant to the collective bargaining agreement between the Company and the Union and any subsequent collective bargaining agreement, whether those amounts become due before or after the date of this guaranty. The owner(s) of the Company also guarantee(s) the payment of all damages, costs, fees and expenses which the union, the members of the Union employed by the Company or the Trustees of the Trust Funds may be entitled to recover from the Company pursuant to the collective bargaining agreement or under any local, state, or federal law.

59.    The Painters require new employers who wish to become signatory to the CBA described above to furnish a personal guarantee on wages, dues remissions, fringe benefit contributions and other miscellaneous payments before an employer becomes signatory to the CBA.

60.    Due to the risk of a signatory employer accumulating debt in non-payment to the Painters and its associated Trust Funds, and for the protection of its bargaining unit members, the Painters rely on the existence of the Guarantee to allow employers to become signatory to a CBA.

61.     As stated above, E.K.M. is delinquent to the Plaintiffs in a principal delinquency amount, as well as unknown additional principal, liquidated damages, interest, attorneys' fees and costs.

62.     Despite the existence of the Guarantee, Makal Ali has failed and continues to fail to act under his obligation created by the Guarantee, damaging the Painters and Plaintiffs.

63.     Plaintiffs have performed all conditions precedent the Guarantee requires of them.

WHEREFORE, Plaintiffs pray:

(a)     That this Court enter its judgment and decree against Makal Ali, jointly and severally with E.K.M., for the known principal amount of the delinquency, together with interest and damages on that amount, all in accordance with the CBA and ERISA;

(b)     That this Court enter an order compelling Makal Ali, jointly and severally with E.K.M., to specifically perform his obligations to pay liquidated damages on principal amounts E.K.M. has paid late or may in the future pay late;

(c)     That this Court enter an order permanently compelling and enjoining Makal Ali, jointly and severally with E.K.M., to submit any and all future payments in a timely fashion under the current or any subsequent CBA to which Plaintiff Painters and E.K.M. are or may become bound if E.K.M. fails to make payments as required by the CBA; and

(d)     That this Court enter its judgment and decree against Makal Ali, jointly and severally with E.K.M., for Plaintiffs' reasonable attorneys' fees and for Plaintiffs' costs, including accounting, auditing and administrative costs, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

HARTNETT GLADNEY HETTERMAN, L.L.C.


/s/ James P. Faul
JAMES P. FAUL, 58799MO
4399 Laclede Avenue
St. Louis, Missouri 63108
Telephone: (314) 531-1054
Facsimile: (314) 531-1131
jfaul@hghllc.net

Attorneys for Plaintiffs